# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CITIZENS AGAINST SOLAR ) 
POLLUTION, a Delaware unincorporated ) 
nonprofit association, DONALD LEE ) 
GOLDSBOROUGH, TRUSTEE UNDER ) 
REVOCABLE TRUST AGREEMENT OF ) 
DONALD LEE GOLDSBOROUGH ) 
DATED 12/22/10, and KELLIE ELAINE ) 
GOLDSBOROUGH, TRUSTEE UNDER ) 
REVOCABLE TRUST AGREEMENT OF ) 
KELLIE ELAINE GOLDSBOROUGH ) C.A. No. N23C-03-196 VLM
DATED 12/22/10, ) 
) 
       Plaintiffs, ) 
) 
         v. ) 
) 
KENT COUNTY, a political subdivision ) 
of the State of Delaware, KENT COUNTY ) 
LEVY COURT, the governing body of ) 
Kent County, FPS CEDAR CREEK ) 
SOLAR LLC, a Delaware limited liability ) 
company, and THE PINEY CEDAR ) 
TRUST, JAMES C. KNOTTS, JR., ) 
CHERYL A. KNOTTS, DE LAND ) 
HOLDINGS 1 LLC, a Delaware limited ) 
liability company, AMY PEOPLES, ) 
TRUSTEE OF THE PINEY CEDAR ) 
TRUST, and RICHARD A. PEOPLES, ) 
TRUSTEE OF THE PINEY CEDAR ) 
TRUST, ) 
) 
       Defendants. )

Submitted: November 3, 2023[1]
Decided: November 17, 2023[2]

*Upon Application for Certification of an Interlocutory Appeal,*
**DENIED**

## ORDER

Upon consideration of the application for certification of interlocutory appeal and response in opposition thereto; the facts, arguments, and legal authorities set forth in the parties' submissions, Supreme Court Rule 42, the Superior Court Rules of Civil Procedure, decisional law, and the entire record in this case, the Court hereby finds as follows:

1.    On January 25, 2022, the Kent County Levy Court ("Levy Court") approved a conditional use permit application filed by Defendant FPS Cedar Creek Solar, LLC, a Delaware Limited Liability Company ("Freepoint"), to construct a solar farm near property owned by members of Plaintiff Citizens Against Solar Pollution, a Delaware Unincorporated Nonprofit Association (together,

---

[1] Plaintiffs' counsel, Richard L. Abbott, filed his response opposing Defendant's Application for Certification of Interlocutory Appeal on November 3, 2023.  (D.I. 26)  On November 9, 2023, the Delaware Supreme Court issued a *per curiam* decision disbarring Mr. Abbott. *See In the Matter of a Member of the Bar of the Supreme Court of Delaware, Richard L. Abbott, Esquire*, 2023 WL 7401529 (Del. Nov. 9, 2023) (hereinafter, "*Matter of Abbott*").

[2] On November 13, 2023, this Court had intended to issue this ruling but stayed the decision pending the outcome of the Court of Chancery's hearing of the Office of Disciplinary Counsel's ("ODC") Verified Petition for Immediate Appointment of Receiver, held later the same day, in C.A. No. 2023-1141-JJC. (D.I. 6)  On November 15, 2023, the Court of Chancery granted the Order Appointing Receiver, immediately appointing Victoria K. Petrone, Esquire, as Receiver. (D.I. 10).  On November 17, 2023, this Court held a status conference including Ms. Petrone to identify potential conflicts of interest; waived by all Defendants.  *See* C.A. N23C-03-196 VLM (D.I. 32).

"Plaintiffs").[3] In March of 2022, Plaintiffs challenged that approval and brought an action in the Court of Chancery seeking a preliminary injunction, permanent injunction, and declaratory judgment against all Defendants.[4]

2. On February 24, 2023, the Court of Chancery issued its Order Dismissing Complaint with Leave to Transfer under 10 *Del. C.* § 1902.[5] In dismissing, the Court of Chancery granted Plaintiffs leave to transfer the matter to this Court under §1902 after determining that it lacked subject matter jurisdiction because there was an adequate remedy at law; namely, review by common law writ of *certiorari*.[6] Plaintiffs then filed an Amended Complaint in this Court seeking declaratory judgment in one count and *certiorari* review in another.[7]

3. Defendants moved to dismiss under Superior Court Civil Rule 12(b)(6).[8] In its Memorandum Opinion issued October 17, 2023, this Court exercised the discretion afforded under 10 *Del. C.* § 1902 to conduct *certiorari*

---

[3] *Citizens Against Solar Pollution v. Kent Cnty.,* 2023 WL 6884688, at *1 (Del. Super. Ct. Oct. 17, 2023) ("*Citizens Against Solar Pollution II*").

[4] *Id.* The Levy Court and Kent County are referred to as the "County Defendants" and the remaining Defendants include Freepoint, The Piney Cedar Trust, James C. Knotts, Jr., Cheryl A. Knotts, DE Land Holdings 1 LLC, Amy Peoples and Richard A. Peoples, Trustees of the Piney Cedar Trust (together, the "Freepoint Defendants").

[5] *Citizens Against Solar Pollution v. Kent Cnty.*, 2023 WL 2199646 (Del. Ch. Feb. 24, 2023) ("*Citizens Against Solar Pollution I*").

[6] *Id.* at *3.

[7] *Citizens Against Solar Pollution II,* 2023 WL 6884688, at *2.

[8] *Id.* at *3.

review of the Levy Court's grant of the conditional use permit.[9] It further determined that the declaratory judgment claim was improper because that relief is only appropriate where no other remedy exists.[10] Defendants' Motion to Dismiss Count I (declaratory judgment) of the Amended Complaint was granted, with prejudice, and their Motion to Dismiss Count II (writ of *certiorari*) of the Amended Complaint was denied.[11] Defendants were further ordered to produce the record from the Levy Court within 30 days of this Court's decision.[12] Defendants complied and this Court received the certified record on November 13, 2023.[13]

4.      On October 26, 2023, Kent County Defendants filed an application seeking certification of an interlocutory appeal of this Court's decision.[14] Defendants contend that this Court should certify an interlocutory appeal arguing that the Order had "decide[d] a substantial issue of material importance that merits appellate review before a final judgment,"[15] and that such review will satisfy the following four factors under Supreme Court Rule 42: (1) the Order relates to the construction or application of a statute; (2) the Order sustains the controverted

---

[9] *Citizens Against Solar Pollution II,* 2023 WL 6884688, at *12.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Certification of Record (D.I. 28).
[14] Defendant's Application for Certification of an Interlocutory Appeal (D.I. 25) (hereinafter, "Defs.' Appl. for Certification of an Interlocutory Appeal").
[15] Defs.' Appl. for Certification of an Interlocutory Appeal at 1.

jurisdiction of the Superior Court; (3) review of the Order may terminate the litigation; and (4) review of the Order may serve the interests of justice.[16]

5.     Specifically, Defendants argue that the question of whether the liberally construed language in 10 *Del. C.* § 1902 can "operate to enlarge the rule that a writ of *certiorari* must be filed within thirty (30) days when no exceptional circumstances otherwise exist to extend the applicable certiorari deadline."[17]  Further, Defendants maintain that a Supreme Court decision "would diminish the likelihood of multiple appeals."[18]

6.     On November 3, 2023, Plaintiffs' counsel filed an opposition to the certification of the interlocutory appeal.[19]  They contend that the application for interlocutory appeal should be denied and that none of the four factors are satisfied under the circumstances present here.[20]

7.     First, Plaintiffs acknowledge that although the Order does relate to the application of a statute, they argue that Defendants did not provide adequate reasoning to support appellate review.[21]  Second, Plaintiffs note that the Superior Court "unquestionably possesses jurisdiction over *certiorari* actions."[22]  Third, they

---

[16] Defs.' Appl. for Certification of an Interlocutory Appeal at 1.
[17] *Id.* at 3.
[18] *Id.* at 5.
[19] Plaintiffs' Response in Opposition to Application for Certification of Interlocutory Appeal (D.I. 26) (hereinafter, "Pls.' Resp. in Opp'n to Appl. for Certification of Interlocutory Appeal").
[20] Pls.' Resp. in Opp'n to Appl. for Certification of Interlocutory Appeal at 2.
[21] *Id.* at 3.
[22] *Id.*

5

maintain that interlocutory review "cannot possibly terminate the litigation," where appeal from either side is likely,[23] and "the interests of justice militate heavily in favor of proceeding with the litigation of this action rather than allowing a disruptive appeal."[24] Finally, Plaintiffs argue that they are not vested with unlimited resources and that they have awaited resolution since 2022—and from two courts—such that interlocutory appeal would unreasonably delay these proceedings.[25]

8.      Pursuant to Supreme Court Rule 42, "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[26]

> Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal.[27]

9.      Supreme Court Rule 42(e) specifically addresses the continuation of other proceedings, including the pending *certiorari* review in this Court.[28] "The pendency of proceedings under this rule shall not operate as an automatic stay.

---

[23] Pls.' Resp. in Opp'n to Appl. for Certification of Interlocutory Appeal at 3.
[24] *Id.* at 4.
[25] *Id.* at 5.
[26] Sup. Ct. R. 42(b)(i).
[27] Sup. Ct. R. 42(b)(ii).
[28] Sup. Ct. R. 42(e).

Applications for stays shall be processed in the same manner as stays pending appeal under Rule 32."[29]

10. Here, the Court's statutory exercise of discretion under 10 *Del. C.* § 1902 did not determine a substantial issue of material importance and this Court incontrovertibly retained jurisdiction.

11. The considerations of justice require the balancing of the costs and benefits of Defendant's interlocutory appeal. The expenditure of resources litigating by both parties when this Court retains jurisdiction over *certiorari* review constitute probable costs that weigh heavily against the benefit of an interlocutory appeal. Principally, interlocutory appellate review of this Court's ruling will not terminate this litigation and may instead, further prolong these proceedings.

12. Any potential benefits of interlocutory review are substantially outweighed by the inefficiency, disruption, and costs of an interlocutory appeal.

13. Therefore, the application to certify the October 17, 2023, Memorandum Opinion to the Delaware Supreme Court in accordance with Supreme Court Rule 42 is hereby **DENIED**.

**IT IS SO ORDERED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[29] Sup. Ct. R. 42(e).

7

cc: Max. B. Walton, Esquire
Lisa R. Hatfield, Esquire
Erica K. Sefton, Esquire
Victoria K. Petrone, Esquire
Richard A. Forsten, Esquire
Wendie C. Stabler, Esquire
James D. Taylor, Jr., Esquire